IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' AND CONTRACTORS' APPRENTICESHIP TRAINING TRUST FUND, LABORERS-EMPLOYERS COOPERATION & EDUCATION TRUST, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, SOUTHERN & CENTRAL ILLINOIS LABORERS' VACATION FUND, SOUTHERN & CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL, and LABORERS' LOCAL 477,  Plaintiffs,  vs.  WILLIAM A. SCHROEDER d/b/a WAS CON CO. and WAS CONCRETE COMPANY,  Defendant. | No. |

**COMPLAINT**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, WILLIAM A. SCHROEDER d/b/a WAS CON CO. and WAS CONCRETE COMPANY, and allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions or other payments owed to the Plaintiffs.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. The Plaintiff, CENTRAL LABORERS' PENSION FUND, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et seq.* A copy of the pertinent provisions of the trust agreement for Plaintiff, CENTRAL LABORERS' PENSION FUND, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

5. The CENTRAL LABORERS' PENSION FUND is the collection agent for the other named Plaintiffs, which are employee benefit funds, labor organizations, and labor-management committees/funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

6. Plaintiff, CENTRAL LABORERS' PENSION FUND, is administered in Jacksonville, Illinois.

7. Plaintiff, CENTRAL LABORERS' PENSION FUND, receives fringe benefit contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

8.  Defendant, WILLIAM A. SCHROEDER d/b/a WAS CON CO. and WAS CONCRETE COMPANY, maintains his principal place of business in Hammond, Illinois, which is located in Piatt County which is within the venue of the Urbana Division of the District Court for the Central District of Illinois.

9.  That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5), (11), (12), and (14).

10.  Defendant signed two Participations Agreements, a collective bargaining agreement, and a Memorandum of Agreement, which binds Defendant to multiple collective bargaining agreements.  A copy of the foregoing agreements (hereinafter "Agreements") is attached hereto as **Exhibit B** and fully incorporated herein and made a part hereof by this reference.

11.  Pursuant to ERISA, 29 U.S.C. §1145, Defendant is required to make fringe benefit contributions to Plaintiffs in accordance with the terms and conditions of the Agreements and Plaintiffs' trust agreements.  Plaintiffs' trust agreements, in pertinent part, are attached hereto and incorporated herein as **Exhibits A, C, and D**.

12.  Defendant employs individuals who are members of, and represented by, the Laborers' International Union of North America, and said individuals are participants in Plaintiffs' employee benefit funds.

13.  Defendant employed individuals who performed hours of covered work under the Agreements for which fringe benefit contributions and others amounts (*e.g.*, other contributions and check-offs/deductions) are owed to Plaintiffs during the period of May 1, 2020, to April 30, 2021.

14. Defendant breached the Agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs during the time of May 1, 2020, to April 30, 2021.

15. Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs.

16. Defendant has, without good cause, failed to make payment of these amounts to Plaintiffs, despite his contractual obligation to do so.

17. Plaintiffs have determined that Defendant owes Plaintiffs $4,468.22 for the time of May 1, 2020, to April 30, 2021. A breakdown of the amounts owed is attached hereto as Exhibit E.

18. Under the Participation Agreements, Defendant is required to remit fringe benefit contributions and other amounts by the 15th day of each month. (*See*, Exhibit B).

19. Pursuant to the Participation Agreement, Plaintiffs' trust agreements, and 29 U.S.C. §1145, Defendant owes liquidated damages in the amount of 10% of the amounts owed for failing to properly and timely pay Plaintiffs' fringe benefit contributions and other amounts. (See, Exhibits A, B, C, and D).

20. Therefore, Defendant owes Plaintiffs $446.82 of liquidated damages (i.e. 10% of $4,468.22).

21. Pursuant to the terms and conditions of the Agreements and Plaintiffs' trust agreements, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses incurred by the Plaintiffs in the collection of the amounts owed. (See, Exhibits A, B, C, and D).

22. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*   \*   \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment be entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, and against Defendant, WILLIAM A. SCHROEDER d/b/a WAS CON

CO. and WAS CONCRETE COMPANY, for all such monies due—including fringe benefit contributions, check-offs/deductions, liquidated damages, interest, attorney fees, court costs, and all applicable statutory remedies—at the time judgment is rendered;

B. Specifically, that Defendant be decreed to pay to Plaintiffs the sum of $4,915.04 consisting of $4,468.22 of contributions and $446.82 of liquidated damages incurred during the period of May 1, 2020, to April 30, 2021, plus any other fringe benefit contributions, check-offs/deductions, liquidated damages, interest, audit costs, attorney fees, and court costs found to be owing at the time judgment is rendered;

C. That Defendant be decreed to pay Plaintiffs their reasonable attorney's fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2), and the respective Agreements and trust agreements;

D. That Defendant be decreed to pay all costs attendant to these proceedings; and

E. That Plaintiffs are awarded such further and other relief as the Court deems just and equitable, all at Defendant's costs.

CENTRAL LABORERS' PENSION,
FUND, *et al.*, Plaintiffs,

By: s/ Jacob A. Blickhan
JACOB A. BLICKHAN
**CAVANAGH & O'HARA LLP**
Attorneys for Plaintiffs
2319 West Jefferson Street
Springfield, IL 62702
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com